UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

Case No. 24-CR-376 (TSC)

Hon. Tonya S. Chutkan

ERIC LEE PETERSON,
    Defendant.
_____/

### MOTION FOR ADJOURNMENT OF SENTENCING HEARING

    Defendant Eric Peterson, through his undersigned counsel, respectfully requests that the Court adjourn his scheduled sentencing hearing for 30 days in order to accommodate the fact that he may or not still be facing prosecution once the new Trump Administration takes office this coming Monday, January 20, 2025. Mr. Peterson's sentencing is currently scheduled for one-week thereafter, January 27, 2025.

    According to an NBC News article dated today, January 16, 2025, there are eleven items that President Donald Trump announced his administration would do on the first day of his second term, which begins Monday, January 20, 2025. One of those items is pardoning non-violent January 6th defendants like Mr. Peterson who has no criminal record and was a trespasser inside the Capitol Building for a period of eight minutes. The report reads:

> On numerous occasions, [President] Trump has said he would quickly pardon people convicted for their role in the January 6, 2021 attack on the U.S. Capitol. When NBC News' [Kristen] Welker asked Trump in

1

December [2024] about his timeline for pardons, he said, "**I'm looking first day**."  He went further in an interview with *Time* magazine published last month, saying, "**I'll be looking at J6 early on, maybe the first nine minutes**."

https://www.nbcnews.com/politics/donald-trump/11-things-trump-day-1-presidency-rcna184423 (emphasis added).

The consequences of denying Mr. Peterson's motion would be a formal entry of a Judgment and Conviction and the potential imposition of a term of custody.  These are clearly unique circumstances: a President-elect has pledged to stop the prosecution of a defendant who is facing sentencing one week after that President-elect takes office.  With its decision, the Trump Administration may reverse the predecessor administration on a question that matters dearly to Mr. Peterson.  That is whether or not he must continue to endure the stress and financial cost of prosecution.  Given all that is at stake, a short adjournment to learn whether or not Mr. Peterson's prosecution will continue is reasonable.

Moreover, there is no countervailing reason to go forward with sentencing on January 27, 2025.  While the "people" have an interest in the administration of justice as reflected in the Speedy Trial Act, the "people" on behalf of whom the government purports to act made themselves heard in the general election on November 5, 2024.  Their voice has resulted in a change of administration from one that supports the prosecution of Mr. Peterson to one that opposes it, thus creating the need for the adjournment.

Defense counsel has made attempts to determine the government's

position but has not received a response from government counsel. On information and belief, government counsel may be currently engaged in a trial and unavailable to respond.

For all of the above-reasons, Mr. Peterson respectfully requests that the Court adjourn his sentencing date for 30 days to determine whether or not his prosecution will go forward under the incoming Trump Administration.

                                      Respectfully submitted,

                                      /s/ *R. Michael Bullotta*
                                      R. MICHAEL BULLOTTA
                                      Bullotta Law PLLC
                                      615 Griswold St. Ste. 1620
                                      Detroit, MI 48226
                                      Phone: (313) 400-5776

Dated: January 16, 2025

## **CERTIFICATE OF SERVICE**

The undersigned, under penalty of perjury, certifies that a copy of the foregoing instrument was lodged with the court through the Utilities function of the ECF system on January 16, 2025.

/s/ *R. Michael Bullotta*
R. MICHAEL BULLOTTA
Counsel for Eric Peterson