UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ERIC LEE PETERSON,
    Defendant.
_____/

Case No. 24-CR-376 (TSC)

Hon. Tonya S. Chutkan

**ERIC PETERSON'S SENTENCING MEMORANDUM**

Defendant Eric Peterson (hereinafter, "Mr. Peterson" or "Eric"), by and through his counsel, respectfully submits this Sentencing Memorandum for the Court's consideration.

**I.  INTRODUCTION AND BACKGROUND**

Eric Peterson, 54, stands convicted of one misdemeanor count of trespassing at the Capitol on January 6, 2021. Mr. Peterson is a former Sergeant in the United States Army who enlisted to serve his country following the 9-11 attacks. He is also a father of a son he adores who recently graduated with honors from the United States Military Academy at West Point. Mr. Peterson is a business owner and avid hiker with zero criminal history and an abiding love of his country.

## II.  STATUTORY FACTORS

As the Court is aware, Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in that section, based on the factors discussed within it.  These factors are discussed in pertinent part below.

### a.  The Nature and Circumstances of the Offense (18 U.S.C.§ 3553(a)(1))

Eric Peterson's offense was entering the U.S. Capitol Building on January 6, 2021 from the east side (Supreme Court side), after the Capitol had been breached from the west side (Mall side) earlier that day.  During his proffer with the government and the FBI case agent, Mr. Peterson explained that he and an army buddy rented a home on Capitol Hill to attend a peaceful protest rally at the Capitol. He did so out of frustration over what many at the time viewed as a flawed election. He did not bring any weapons with him, only his cell phone to capture pictures from the historic day.

Mr. Peterson and his friend walked from their rental home near the U.S. Supreme Court building and entered the east side of the Capitol Building.  As he entered, Mr. Peterson noticed two police officers stationed at the door.  Mr. Peterson greeted the officers and entered the Capitol with his friend.  Mr. Peterson did not force entry or commit any act of vandalism.  Mr. Peterson explained that he was unaware at the time of what was occurring on the west side of the Capitol. Still, Mr.

Peterson admits that he was aware that he was not authorized to enter the Capitol Building, but did so anyway.

Mr. Peterson entered the Capitol Building from the east entrance at 3:03 p.m. PSR ¶ 22. Within one minute, at 3:04 p.m., he entered the Rotunda inside the Capitol where he took pictures on his phone. PSR ¶ 23. Then the doors to leave the Capitol were briefly closed, trapping Mr. Peterson inside. The exit doors re-opened shortly thereafter. At 3:11 p.m., Mr. Peterson followed law enforcement's direction and departed the Capitol Building. PSR ¶ 25.

The total time Mr. Peterson was trespassing inside the Capitol Building was eight minutes. It would have been shorter had he not been stuck inside for a few of those minutes when the exit doors were temporarily locked.

Critically, Mr. Peterson did not commit any act of violence or harm any government property. Nor did he encourage others to do so. He was a passive bystander to what he witnessed and took a few pictures on his cell phone. Moreover, as he told the FBI in his proffer, he was not aware of the violence that was occurring on the west side of the Capitol Building when he walked over from his rental house on the east side near the Supreme Court building. Finally, it is undisputed that, by the time Mr. Peterson had entered the Capitol Building at 3 p.m., all of the government officials, including Vice President Pence, had been moved to a secure location.

b. **History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))**

When the Court reads the pages of the letters in support of Mr. Peterson, it will see that Eric Peterson is a man who routinely exhibits selflessness and compassion. The Court will also see that Eric is someone who cares deeply about his country. Enough so to leave his comfortable CEO position at his family business to risk his life to fight for the United States after it was attacked on 9-11.

Fellow Army Sergeant Charles Quigley, who credits Mr. Peterson with saving his life by helping him recover from a substance addiction after he was discharged, describes Eric this way: "Despite being the CEO of his family's thriving business and with a young family, Eric chose to enlist as a Non-Commissioned Officer [in the Army] rather than an officer because he wanted to lead soldiers directly on the ground. This decision speaks volumes about his character and his sense of duty… [Eric] is a man of honor who consistently demonstrates integrity, compassion and selflessness…" **(Ex. A**, p. 1).

Similarly, Mr. Peterson's friend of 20 years, Dr. Rob Williams, provided an anecdote about how Eric declined a lucrative offer to sell his family business because he thought it would detrimentally affect his long-time employees. Dr. Williams concludes his letter with, "Eric is a person of exceptional character and strong principles. His dedication to his community, commitment to the well-being of

others, and consistently considerate nature make him a person I am proud to call a friend." (**Ex. A,** p. 4).

Another longtime friend, Dr. Scott Kaczmar, wrote, "Eric embodies the qualities of hard work, patriotism and community service that reflect the best of what it means to be an American…I cannot imagine Eric participating in anything that would cause harm or damage to others. Instead, he is someone who would go out of his way to assist anyone in need." (**Ex. A,** p. 5).

In another letter, Mr. Peterson's lifetime friend Ken Busch described an act of kindness where Eric provided $15,000 to help a teen boy get dental implants. Mr. Peterson's rationale was this: "This boy is 17 years old with no front teeth. I can't sit by and do nothing. If I have the means to help, I should." (**Ex. A,** p. 7). Mr. Busch added that Mr. Peterson's "act of compassion" was done "quietly and without seeking recognition." *Id.*

c. **Seriousness of the Offense, Promoting Respect for the Law, Providing Just Punishment (18 U.S.C. § 3553(a)(2)(A))**

What happened on January 6, 2021, was hard to watch. Seeing rioters forcing entry into our nation's Capitol Building was horrendous. Mr. Peterson's unforced entry into the Capitol Building did not help the problem but contributed to it by his mere presence. For that Mr. Peterson takes full responsibility and has pleaded guilty to trespassing.

The fact that Mr. Peterson was charged with a federal crime has been reported in the media. Mr. Peterson has endured the public shame that comes with this. He has undergone the stress of a federal criminal prosecution by the United States and now has an established criminal record for the first time in his 54 years of living. It is entirely unnecessary for the Court to impose a custodial sentence to either promote respect for the law or to provide additional punishment.

As horrible as many of the violent rioters were, Eric Peterson (apart from his presence exacerbating the situation) did not join in with any of the violence or property damage. He committed a misdemeanor crime of trespass and it resulted in the first and only criminal charge of his life.

### d. **Providing Adequate Deterrence (18 U.S.C. § 3553(a)(2)(B))**

This case is an anomaly in the life of Eric Peterson. Given his spotless record, his military service and his character (as attested to by several who know Eric well), there is no need to impose a custodial sentence to prevent further transgressions.

### e. **Protection of the Public from Further Crimes of the Defendant (18 U.S.C. § 3553(a)(2)(C))**

Eric Peterson is no threat but instead an asset to the public and those around him. His background, along with his documented acts of kindness and compassion make this clear.

### f. Need to Avoid Sentencing Disparities Among Similarly Situated Defendants (18 U.S.C. § 3553(a)(6))

Section 3553(a)(6) instructs courts to take into account when sentencing "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

There are reportedly over 1,500 defendants charged with trespassing at the Capitol Building on January 6, 2021. As the Court is undoubtedly aware, many of those were non-violent January 6th defendants who pleaded guilty to a single trespassing charge like Mr. Peterson. And several of those defendants have been sentenced to probationary sentences as opposed to time in custody. *See, e.g., United States v. Sizer,* Case No. 22-CR-376 (JEB)(12 months probation, $500 restitution); *United States v. Hiles,* Case No. 21-CR-155 (ABJ) (24 mos. probation, 60 hrs. community service, $500 restitution); *United States v. Wangler,* Case No. 21-CR-365 (DLF) (24 mos. probation, 60 hrs. community service, $500 restitution).

Mr. Peterson falls into the camp of the least culpable trespasser defendants. And his good character and past good deeds distinguish him and warrant consideration when the Court considers whether or not to impose a custodial sentence.

Eric Peterson asks the Court to sentence him based not upon what others at the Capitol did on January 6, 2021 but rather the actions that he took by entering the Capitol Building on the east side, staying eight minutes, then departing after taking a couple pictures on his phone.

### III.   CONCLUSION

Eric Peterson did not share the same criminal intent as those violent rioters who broke out the windows of the Capitol Building and injured law enforcement officers. While he acknowledges and takes full responsibility for his conduct of trespassing, he never intended anything more than to be a spectator at the Capitol Building.

Mr. Peterson's former in-laws (parents of his ex-wife), Claudia and Ronald Boyes, wrote this to the Court: "We can unequivocally state that Eric is not a violent person. He is a man of principle, deeply committed to his family, [who] strives to do what he believes is right. Our heartfelt plea as that Your Honor considers these factors and not sentence Eric to a term of imprisonment." (**Ex. A,** p. 3).

Section 3553(a) requires the district court to impose a sentence that is "sufficient, **but not greater than necessary**, to comply with the purposes" of sentencing set forth in the Section. 18 U.S.C. § 3553(a)(emphasis added). The truth is that Mr. Peterson is no danger to anyone, but rather an asset to those in his orbit.

For all of these reasons, it is respectfully requested that the Court exercise its judgement by sentencing Eric Peterson to a two-year period of probation, along with restitution and community service.

    Respectfully submitted,

/s/ *R. Michael Bullotta*
R. MICHAEL BULLOTTA
Bullotta Law PLLC
615 Griswold St. Ste. 1620
Detroit, MI 48226
Phone: (313) 400-5776

Dated: January 21, 2025

## **CERTIFICATE OF SERVICE**

The undersigned, under penalty of perjury, certifies that a copy of the foregoing instrument was lodged with the court through the Utilities function of the ECF system on January 21, 2025.

/s/  *R. Michael Bullotta*
R. MICHAEL BULLOTTA
Counsel for Eric Peterson